Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
Elizabeth W. Armitage, OSB No. 175352
earmitage@thecaublefirm.com
CAUBLE, SELVIG & WHITTINGTON, LLP
111 SE Sixth Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ERIC ZEITLIN | Case No. |
| Plaintiff, | COMPLAINT<br>(Legal Malpractice) |
| v. | |
| NATALIE M. WETENHALL, | **JURY TRIAL DEMANDED** |
| Defendant. | |

COMES NOW Plaintiff Eric Zeitlin, by and through his attorney, Christopher L. Cauble, and alleges as follows:

1.

At all times relevant Plaintiff Eric Zeitlin ("Plaintiff") was a resident of Wellington, Florida.

2.

At all times relevant, Defendant Natalie Wetenhall ("Defendant") was a licensed attorney doing regular and sustained business in Jackson County, Oregon. All actions occurred in Jackson County, Oregon.

COMPLAINT - Page 1

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

3.

Jurisdiction is proper in federal court pursuant to 28 U.S.C §1332 because there is diversity of citizenship between the parties and the amount in controversy is greater than $75,000.00

4.

Venue is proper in the U.S. District Court of Oregon pursuant to 28 U.S.C. §1391(b) because all parties are, and at all times relevant were, residents of or doing regular, sustained business in Oregon. Venue is proper in the Medford subdivision because at all relevant actions occurred in Jackson County, which is encompassed in the Medford subdivision of the U.S. District Court of Oregon.

5.

In or about February 2018, Plaintiff hired Defendant to help negotiate a contract to transfer ownership of a marijuana grow and to obtain a Tier 2 Oregon Liquor Control Commission ("OLCC") growing license.

6.

Plaintiff hired and paid Defendant to draft a contract between the owner of real property ("the property"); STT, LLC ("the LLC" or "the business"); Gary Sowder, who is not a party to this action; and Plaintiff. Defendant represented both Plaintiff and Mr. Sowder in the transaction.

7.

Plaintiff and Mr. Sowder agreed to a lease-to-own contract where Mr. Sowder would pay Plaintiff a total of $745,000.00 over 48 months. Defendant added a statutory warranty deed for the property to the contract as an "insurance policy" for Mr. Sowder in the event of default. Defendant was representing both parties in the transaction and did so without

COMPLAINT - Page 2

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

informed consent confirmed in writing. Unbeknownst to Plaintiff, Defendant was engaged in a sexual relationship with Mr. Sowder at that time.

8.

Although concerned about Defendant's priorities, Plaintiff agreed to and signed the contract in February 2018, and began the process of transferring the OLCC Tier 2 license ("the license") into Mr. Sowder's name.

9.

In or about March 2019, Mr. Sowder and Plaintiff agreed to transfer the license from Mr. Sowder's name into Plaintiff's name due to Mr. Sowder breaching the prior contract. The parties were to transfer the license before the license renewal was due in April or May 2019.

10.

Plaintiff asked Defendant to assist him in the license transfer. She agreed to help him with the license transfer and assured him she had the requisite skills to do so. Plaintiff paid Defendant her normal hourly rate as well as the license renewal/filing fee and paid her the requested fee.

11.

Plaintiff, Defendant, and Mr. Sowder all knew and understood the importance of properly and promptly transferring the license and that failure to do so would cause substantial damages given the limited number of licenses the state can issue. Failure to obtain a transfer of the license would financially harm the business.

//

//

//

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

12.

On or about June 18, 2019, Defendant emailed the OLCC on behalf of Plaintiff with the allegedly complete transfer/application paperwork. The email had eight attachments including land drawings, contracts, and water information required by the OLCC.

13.

On or about June 25, 2019, a representative from the OLCC responded to Defendant stating there were significant errors and missing information in the application, including an invalid record ID number for the current license (in Mr. Sowder's name), no information regarding the buying entity's new application ID number, and the application was missing the required $250.00 fee. The OLCC stated the application would need to be resubmitted with the requested information in order to transfer the license.

14.

Defendant never informed Plaintiff of the email from the OLCC or any of the issues raised.

15.

In or about February 2020, Plaintiff emailed Defendant asking for a status report of the license application. On information and belief, Defendant then emailed the OLCC asking for an update. Plaintiff is unaware if Defendant received a response.

16.

On or about February 25, 2020, Mr. Sowder met with an OLCC investigator for a property inspection. The investigator found significant violations due to the delay in the transfer of the license.

//

//

COMPLAINT - Page 4

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

17.

On or about February 26, 2020, Mr. Sowder, Defendant, and the OLCC investigator met and the investigator explained that Defendant had never fixed the application errors nor paid the application $250.00 fee. Defendant never contacted Plaintiff regarding the meeting.

18.

On February 28, 2020, Defendant emailed Plaintiff a disengagement letter alleging that Plaintiff had engaged in criminal activity on the property because he did not have a valid OLCC license at that time. Defendant did not disclose the meeting with the OLCC investigator or explain that the license had expired due to her actions.

19.

On or about March 4, 2020, Plaintiff had a conference call meeting with the OLCC investigator and only then discovered the mistakes Defendant had made and failed to correct. On this call, Plaintiff was informed the failure to properly complete the application transfer paperwork would cause the OLCC to "blacklist" Plaintiff and prohibit the OLCC from being able to issue Plaintiff a license at any point in the future.

20.

Plaintiff immediately emailed the OLCC licensing division in an effort to correct the errors.

21.

On March 25, 2020, Plaintiff received an email from the OLCC which included the email they had sent to Defendant on June 25, 2019 which Defendant did not disclose to Plaintiff at the time of receipt. The OLCC informed Plaintiff that the errors were so substantial that he is unable to obtain a Tier 2 license.

//

COMPLAINT - Page 5

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

22.

From the time Plaintiff originally hired Defendant until he discovered her actions, Plaintiff invested significant amounts of money into the property because he thought Defendant had obtained, or was actively in the process of obtaining, a proper OLCC license.

23.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff has sustained significant monetary damages, including $2,275.00 in attorney fees to Defendant, the $6,150.00 license renewal fee, the $250.00 license transfer fee, the approximately $250,000.00 in property upgrades and equipment, lost approximately $750,000.00 due to the "insurance policy" Defendant had placed in the original contract, and the newer $680,000.00 contract to replace the lost contract and "insurance policy."

24.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered consequential damages, lost all future and current profits in addition to all his previous investments, and will have to sell the property at a loss.

**FIRST CLAIM FOR RELIEF**

**(Legal Malpractice)**

25.

Plaintiff re-alleges paragraphs 1- 24 as if fully set forth herein.

26.

Once Plaintiff hired Defendant to be his attorney, Defendant owed Plaintiff a duty to represent Plaintiff properly, zealously, and competently. She also had the affirmative duty to inform Plaintiff if she was unable to adhere to those standards.

//

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

27.

Defendant did not provide with nor have Plaintiff sign an informed consent waiver confirmed in writing by all parties allowing Defendant to represent both Plaintiff and Mr. Sowder.

28.

Defendant owed Plaintiff a standard of care, skill, diligence, and representation that another attorney in the community would have used to protect the interests of the client under similar circumstances.

29.

Defendant did not protect Plaintiff's economic interests, provide Plaintiff with the proper standard of legal representation.

30.

Plaintiff invested a significant amount of money in the property including installing cameras, gates, fencing, additional security features, irrigation lines, underground electrical wiring, fertilizer, and dirt to properly prepare the ground for growing.

31.

Plaintiff also contacted Rama Shaffer, who is not a party to this action, to assist with employment, growing, and harvesting the crops. The contract was for $680,000.00 over a period of four years.

32.

Defendant was negligent in one or more of the following particulars:

a. By failing to disclose her sexual relationship with Mr. Sowder;

b. By failing to obtain a conflict waiver when representing two parties to a transaction;

c. By failing to provide competent representation;

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

    d. By failing to keep Plaintiff reasonably informed of the status of the application and errors or missing information;

    e. By failing to inform Plaintiff she did not have the requisite skills to complete the transaction;

    f. By including an "insurance policy" in the form of a statutory warranty deed for the sole benefit of Mr. Sowder without explaining the legal consequences and significance;

    g. By failing to properly complete the OLCC application;

    h. By failing to rectify and resubmit the license application;

    i. By failing to provide the agreed upon services;

    j. By failing to inform Plaintiff the license transfer was not completed;

    k. By allowing Plaintiff to engage in business under the guise he was in compliance with OLCC regulations;

    l. By failing to inform Plaintiff the license had expired;

    m. By failing to inform Plaintiff that failure to comply with OLCC requirements would "blacklist" him and prevent him from obtaining a license in the future; and

    n. By failing to mitigate damages due to her errors.

33.

As a direct and proximate result of Defendant's actions, Plaintiff will be unable to obtain an OLCC license and there is no reasonable chance that he will be able a Tier 2 license in the near future, as only a limited number of Tier 2 licenses are available to the public. Without the license, Plaintiff is unable to run the business.

//

//

COMPLAINT - Page 8

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

34.

Defendant knew or should have known that her actions would significantly impact Plaintiff's ability to run a viable business.

35.

Defendant knew or should have known that Plaintiff would suffer significant monetary damages from the loss of current and future profits due to her actions and inactions.

36.

Defendant knew or should have known that Plaintiff would invest significant amounts of money to prepare the property.

37.

Defendant knew or should have known that having an invalid license or not having a license would prohibit Plaintiff from operating his grow and that Plaintiff would suffer significant monetary damages as a result.

38.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff is unable to obtain an OLCC Tier 2 license.

39.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered monetary damages in the form of attorney fees, application fees, transfer fees, the purchase price of the property, the improvements made to the property, and the contracts with employees, for a total of $1,700,000.00 in damages.

//
//
//

COMPLAINT - Page 9

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com

40.

As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered consequential damages in the amount of $2,000,000.00 for lost current and future income.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1. An award for $1,700,000.00 for attorney fees charged by Defendant, application fees, transfer fees, the purchase price of the property, the improvements made to the property, and the contracts with employees;

2. An award for $2,000,000.00 or in an amount to be determined at trial in consequential damages for lost current and future profits due to Defendant's actions and inactions;

3. Plaintiff's reasonably incurred attorney costs and fees; and

4. Such other relief as the Court deems just and equitable.

**DATED** this 2nd day of July, 2020.

CAUBLE, SELVIG & WHITTINGTON, LLP

*/s/ Christopher L. Cauble*
Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
Elizabeth W. Armitage, OSB No. 175352
earmitage@thecaublefirm.com
CAUBLE, SELVIG & WHITTINGTON, LLP
111 SE Sixth Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

COMPLAINT - Page 10

Cauble, Selvig & Whittington, LLP - Attorneys At Law
111 SE Sixth Street  PO Box 398
Grants Pass, OR 97528
541-476-8825 Fax 541-471-1704
ccauble@thecaublefirm.com