Christopher L. Cauble, OSB No. 962374
**CAUBLE & WHITTINGON, LLP**
111 SE Sixth St.
Grants Pass, OR 97526
ccauble@thecaublefirm.com
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ERIC ZEITLIN,<br><br>               Plaintiff,<br><br>    v.<br><br>NATALIE M. WETENHALL,<br><br>               Defendant. | Case No.: 1:20-cv-01067-MC<br><br>**PLAINTIFF'S MOTION FOR FINAL ENTRY OF JUDGMENT** |

### INTRODUCTION

The undersigned counsel, on behalf of Plaintiff, hereby motions the Court, if the Court finds that all questions of damages were resolved in the aforementioned Court's Order, for an Entry of Final Judgment. In the alternative, Plaintiff moves this Court for Clarification of the Court's Order and Opinion signed on June 23, 2023.

### LR 7-1 CERTIFICATE OF COMPLIANCE

Defendant certifies compliance with the conferral requirements of LR 7-1. Counsel for Defendant conferred with counsel for Plaintiff via email regarding Defendant's intention to file this motion. Plaintiffs' counsel opposes this motion and will file their objections separately.

///

## PROCEDURAL BACKGROUND

Plaintiff commenced this litigation to recover from his previous attorney, Defendant Natalie M. Wetenhall, for malpractice and neglect of her duties to the Plaintiff which led to irreparable damage to Plaintiff's business.

Both parties filed cross motions for summary judgment. The Defendant's motion aimed to move the court to find that the Plaintiff's damages were limited to much less than the Plaintiff's claims. Plaintiff's motion argued for summary judgment on all elements of the malpractice claims but reserved the damages element to be determined by a jury.

At this time, the Plaintiff prays the Court that the judgements contained in the Order for Summary Judgment be clarified as to the effect of the case; and if found that all damages are adjudicated by the Court, Plaintiff prays the Court declare a final judgement such to be appealable, and state that there is no just reason for delaying the Defendant's appeal.

## NATURE OF THE DECISION ON SUMMARY JUDGMENT AND REMAINING ISSUES

In Plaintiff's view the Court granted summary judgment in favor of the Defendant on the following claims:

a. Defendant is entitled to summary judgment and dismissal of Plaintiffs claim for $680,000 related to the Schafer transaction.

b. Defendant is entitled to summary judgment and dismissal of Plaintiffs claim for $750,000 related to the Sowder transaction.

c. Defendant is entitled to summary judgment and dismissal of Plaintiffs claim for $250,000 for property upgrades and equipment. *See* Court's Order and Opinion dated June 23, 2023.

However, a difference of opinion has arisen between Plaintiff and Defense counsel regarding what is remaining in the case to be adjudicated; if anything. Counsel for Defendant interprets the Court's order as only leaving very nominal damages—the amount that the plaintiff received in attorney fees, remaining to be adjudicated. Plaintiff believes that far more damages, especially the significant value of the grow license caused by the defendant's negligence, is still

yet to be adjudicated. We believe that the following is still at issue based on the relief the defendant requested in his Motion for Partial Summary Judgment.:

**a. $250,000 Cannabis Tier 2 grow license (TOP Grade License)**

**b. $1,920,000 in additional compensable damages as alleged in the complaint.**

This interpretation would leave around $2,170,000.00 in compensable damages still in the case. Since the Court's order did not reference these alleged damages, Plaintiff operates under the impression they are still at issue in the case; however, Defense Counsel have made it clear they disagree with that interpretation of the Court's Order. As such, the court will need to enter judgment based on its understanding of the decision so that the parties know what to appeal or what is left to litigate.

## MOTION FOR ENTRY OF AMENDED ORDER PURSUANT TO RULE 54(B)

### Legal Standard for Entry of Final Judgement:

A District Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the Court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The judgment must be based on "a decision upon a cognizable claim for relief," and it must represent "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980).

In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. *Id* and see also *Patrick v. Otteman*, 158 Or. App. 175, 974 P.2d 217 (1999).

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express

direction for the entry of judgment. *Id.*

In determining whether no just reason for delay exists, the Court should consider "judicial administrative interests as well as the equities involved," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no Appellate Court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 8. "It is appropriate to issue a final judgment on one claim in a multi-claim case where the legal issues now appealed will streamline the ensuing litigation.'" *Am. Int'l Spec. Lines Ins. Co. v. KinderCare Learning Cntr. Inc.*, Civil Case Nos. 07-642-KI (Lead Case), 07-978-KI (D.Or. 12/5/2008), citing to *Texaco, Inc. v. Ponsoldt*, 939 F2d 794, 798 (9th Cir. 1991). The moving party bears the burden of proving circumstances "unusual enough to merit departure from the Court's general presumption against [entry of judgment under] Rule 54(b)." *Birkes v. Tillamook Cnty.*, No. 09-1084, 2012 WL 2178964, at *1 (D. Or. June 13, 2012).

**Argument:**

The judgement here is based on a decision upon a cognizable claim for relief pursuant to the requirements found in Curtis-Wright Corp. *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980). The claims that were disposed of in the Courts order were the Plaintiff's claims for damages relating to the sales which fell through due to the Defendant's negligence, which is essentially the nexus of the claims.

Based on the fact that significant claims in the case were adjudicated in the case, the court should find that there is no just reason for delay and judgment on those claims should be entered. As stated above, in determining whether no just reason for delay exists, the Court should consider: "*Judicial administrative interests as well as the equities involved*," including such factors as:

1. **Whether the claims under review were separable from the others remaining to be adjudicated; AND**

The claim which was adjudicated during the motions for summary judgment, for legal malpractice, is the only claim in the complaint. If the Court finds that a significant amount of the

Plaintiff's damages were dismissed at Summary Judgement in the Court's Order, then this prong would be a non-issue because there are only very nominal damages, if any, to adjudicate (at least according to the defense)

2. **Whether the nature of the claims already determined was such that no Appellate Court would have to decide the same issues more than once even if there were subsequent appeals."** *Curtiss-Wright Corp*. **446 U.S. 1, 7 (1980), refer to page 8.**

Similar to the argument above, the claims that would be up for appeal do not relate to the same issues of fact of law such that the Appellate Court would have to decide the same issues twice.

Rule 54(b) allows the Court to make a ruling that there is "no just reason for delay" on a specific claim or issues that have been decided by the Court, such to allow the party to immediately appeal that final judgement.  R. Civ. Pro. 54(b).  It is clear here, in this instance, that there is no just reason for delaying the Defendant from pursuing his right to an appeal.  Likewise, the claim that is still at issue in the District Court would not be prejudiced by allowing the Defendant to appeal the already decided claims in the Courts Order regarding the motions for Summary Judgment.

As such, the Defendant moves the Court to amend the order which decided these claims and find that the decisions are final such to be appealable immediately pursuant to FRCP 54(b).

**DATED** this 19th day of September, 2023

                                        **CAUBLE & WHITTINGTON, LLP**

                                        */s/ Christopher L. Cauble*
                                        Christopher L. Cauble, OSB No. 962374
                                        ccauble@thecaublefirm.com

                                        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served electronically via the Court's electronic filing system on this 19th day of September, 2023, according to this Court's provision for service and sent to the following counsel of record indicated below:

David B. Paradis, OSB No. 853016
**BROPHY SCHMOR LLP**
201 West Main Street, 5th Floor
P.O. Box 128
Medford, OR 97501
Phone: 541-772-7123
Fax: 541-772-7249
dparadis@brophyslegal.com

*Attorney for Natalie M. Wetenhall*

**DATED** this 19th day of September, 2023

                        **CAUBLE & WHITTINGTON, LLP**

                        *s/ Christopher Cauble*
                        Christopher L. Cauble, OSB No. 962374
                        ccauble@thecaublefirm.com
                        111 SE 6th St.
                        Grants Pass, OR 97526
                        Telephone: (541)476-8825

                        *Attorney for Plaintiff*